7829

STATE *EX REL* J. FRASER LYON, ATTORNEY GENERAL, v.
THE CITY COUNCIL OF AUGUSTA.

FISHWAYS.—THE CITY OF AUGUSTA must construct and maintain in its dam across Savannah River on the South Carolina side a fishway according to plans approved by the Department of Fisheries of the United States and by the Attorney General of this State.

An action instituted in this Court by the Attorney General under a Concurrent Resolution of the General Assembly directing him to bring an action against the owners of the dam across Savannah River requiring them to erect and maintain proper fishways therein or to abate the dam.

*Attorney General J. Fraser Lyon,* for the State.

*Messrs. D. S. Henderson, Henry Cohen* and *Wm. H. Barrett,* for City of Augusta.

March 18, 1911.  PER CURIAM.

Whereas, subsequent to the filing of the petition and answer in the above case, the General Assembly did, at its January session, 1911, adopt an Act, which was duly approved by the Governor, as follows:

"An Act relating to the action pending in the Supreme Court concerning the dam across the Savannah River beginning in Edgefield county; and in relation to the maintenance of so much of said dam as lies in the waters of Savannah River from the middle thread of the stream to the South Carolina shore.

"Whereas, the General Assembly of the State of South Carolina did in the year 1909, (see Journal of Senate of 1909, page 807) adopt the following resolution:

" 'Be it resolved by the House of Representatives, the Senate concurring, that the Attorney General be and he is hereby required to bring an action against the owners of the dam situated in Edgefield county, State of South Carolina, above the city of Augusta, to erect and maintain proper fishways, or an action to abate said dam as in violation of the terms of the original grant by said State of South Carolina as he is advised;' and

"Whereas, the Attorney General of this State did, in compliance with said resolution, institute an action before the Supreme Court of this State against the City Council of Augusta for the purpose of effectuating the object of said resolution; and

"Whereas, the City Council of Augusta, the defendant to said action, has made answer thereto, the full text of which will appear by reference to said answer on file in

the office of the clerk of the Supreme Court of South Carolina; and

. "Whereas, the City Council of Augusta has secured from the Department of Fisheries of the United States an approved plan of the best kind and location of fish-way and said plan of location has been examined by a majority of the members of the committee from the General Assembly charged with this matter, and by the Attorney General, and such plan and location is now in the hands of the Attorney General to be filed with the Secretary of State;

"Now, be it enacted by the General Assembly of the State of South Carolina:

· Section 1. "That the Attorney General be, and he is hereby authorized and directed to apply for the entry of a decree in the above mentioned action of the State of South Carolina *ex relatione,* J. Fraser Lyon, Attorney General, against the City Council of Augusta, now pending in the Supreme Court of this State, to the following effect, to wit: That the City Council of Augusta shall be required to promptly construct a fishway of the kind and in the location indicated on the said plan, approved by the Department of Fisheries of the United States and by the Attorney General, and to be filed by him in the office of the Secretary of State; and that so long as such fishway be maintained as thus constructed, this will be recognized as a compliance with the duties of the city of Augusta as to the maintenance of such fishway. That such fishway as aforesaid, shall be constructed by the first day of May, nineteen hundred and eleven; the said decree to contain such other provisions as may be proper to carry out the purposes of this Act: *Provided,* That if work of constructing such fishway be prevented by bad weather or other unavoidable, reasonable cause, the Attorney General is empowered to extend the time for constructing the same: *Provided, further,* That the application for the decree above provided for shall not be made until a resolution or ordinance shall be duly adopted

by the City Council of Augusta and filed in the Supreme Court of this State, authorizing and directing their attorneys to appear in said Court and consent to such decree.

Sec. 2. "That should such fishway at any time be damaged or destroyed, it shall be repaired or restored as may be necessary according to the plans hereinbefore referred to (unless other plans shall then be prescribed by the General Assembly), within such reasonable time as may be prescribed by the Board of Fisheries of South Carolina.

Sec. 3. "When such fishway shall have been completed, the Attorney General shall request the Department of Fisheries of the United States to cause the same to be inspected by a representative of said department, and the report of such representative of the Department of Fisheries as to whether or not it has been constructed in accordance with the aforesaid plans shall be filed with the Secretary of State, to be kept along with said plans. If, however, said Department of Fisheries declines to inspect the said fishway, then the Board of Fisheries of the State of South Carolina, appointed in pursuance of Act number 60 of the Acts of the General Assembly of this State for the year 1906, be, and they are hereby, required to inspect such fishway so erected, and make their report to the attorney General, and to the Secretary of State, which said report shall be filed with said plans.

Sec. 4. "That the right and power of the City Council of Augusta, Georgia, to maintain the aforesaid dam at its present height across the Savannah River from the middle thread of the stream of the said river to the South Carolina shore is hereby granted to the City Council of Augusta, and its successors in office, subject, however, to the condition that they shall maintain a fishway in accordance with the aforesaid plans, and shall keep open both above and below said fishway an unobstructed channel sufficient for the free and uninterrupted passage of fish: *Provided, however,* That nothing herein contained shall preclude the Gen-

eral Assembly of the State of South Carolina from requiring the location, construction and maintenance on said dam of suitable locks for the passage of boats sufficient for the commerce of the river, whenever in its judgment the same is necessary.

Sec. 5. "That in the event the City Council of Augusta shall fail or refuse to consent to the decree provided for in section 1 of this Act, or having consented thereto, shall thereafter fail or refuse to obey the said decree or to comply with the provisions of this Act, the Attorney General shall have the right to apply to the Supreme Court in the said case now pending for the relief demanded in the petition, or such other relief as the Court shall deem to be proper: *Provided,* The Attorney General, in the event the City Council of Augusta shall fail or refuse to comply with the provisions of the decrees hereinbefore provided for, or with any of the provisions of this Act whatsoever, then the Attorney General shall in his discretion, institute such action or proceeding as he may deem advisable for the purpose of compelling compliance with the intention of this Act, or for the purpose of abating, as a public nuisance, so much of said dam as lies within the boundaries of South Carolina.

Sec. 6. "This Act shall take effect immediately upon its approval by the Governor." And

Whereas, the City Council of Augusta, on the 6th day of March, 1911, did adopt the following resolution:

"Be it resolved by the City Council of Augusta:

"That Mr. C. H. Cohen, City Attorney, and Messrs. D. S. Henderson and William H. Barrett, all attorneys of record for the City Council of Augusta in the case of the State of South Carolina *ex relatione* J. Fraser Lyon, Attorney General, v. The City Council of Augusta, now pending in the Supreme Court of South Carolina, be, and they are hereby, authorized and directed to consent to the entering of a decree in the above case, in accordance with the pro-

visions of the Act of the General Assembly of the State of South Carolina, entitled 'An Act relating to the action pending in the Supreme Court concerning the dam across Savannah River beginning in Edgefield county, and in relation to the maintenance of so much of said dam as lies in the waters of the Savannah River from the middle thread of the stream to the South Carolina shore,' adopted at the 1911 session of such General Assembly, and duly approved by the Governor of South Carolina.

"Done in Council, this 6th day of March, 1911." And

Whereas, it has been made to appear that the City Council of Augusta has already entered into a contract for the construction of the said fishway; now, therefore, it is

Ordered, adjudged and decreed, that the City Council of Augusta be, and it is hereby, ordered to construct a fishway in said dam of the kind and in the location indicated on said plan approved by the Department of Fisheries of the United States, and by the Attorney General, and now on file in the office of the Secretary of State, and that so long as such fishway is maintained as thus constructed, this will be recognized as a compliance with the duties of the city of Augusta as to the maintenance of said fishway, and said fishway shall be constructed by the first day of May, 1911: *Provided, however,* That if the work of constructing said fishway be prevented by bad weather or other unavoidable reasonable cause, the Attorney General is empowered to extend the time for constructing the same. Both parties to this proceeding have leave at the foot of this decree to apply to the Court for such other or further relief as may be proper in the premises.